UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CP, by and through his mother, ) | |
| MARILYN POWELL, *pro se*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.: 3:10-CV-126 |
| ) | (VARLAN/SHIRLEY) |
| STATE OF TENNESSEE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This civil action is before the Court on four pending motions. The first motion is the Motion to Dismiss Complaint [Doc. 5] filed by defendants the State of Tennessee, the Tennessee Department of Children's Services ("DCS"), Tennessee Governor Phil Bredesen ("Governor Bredesen") in his official capacity, and DCS Commissioner Viola Miller ("Commission Miller") in her official capacity (collectively, the "Tennessee defendants"). The second and third motions are the Motion to Dismiss [Doc. 7] and the Amendment to Motion to Dismiss [Doc. 17] filed by defendants Blount County Sheriff's Office ("BCSO"), Sheriff James Berrong ("Sheriff Berrong") in his official capacity, Captain Dale Gourley in his official capacity, and Lieutenant John Adams in his official capacity (collectively, the "Blount County defendants"). The fourth pending motion is the Motion to Amend [Doc. 18], filed by *pro se* plaintiffs, C.P., by and through his mother, Marilyn Powell. Plaintiffs have not responded to the pending motions to dismiss and the time for doing so has passed. *See* E.D. TN. LR 7.1(a), 7.2. The Blount County defendants have responded in opposition [Doc.

19] to plaintiffs' motion to amend. There have been no replies to any of the pending motions.

I.      **Background Facts**

On March 26, 2010, plaintiff Marilyn Powell brought this complaint *pro se* on behalf of herself and of plaintiff C.P., her minor child ("C.P."), pursuant to 28 U.S.C. § 1331 and § 1345 and 42 U.S.C. § 14141 [Doc. 2, ¶¶ 2-3]. The complaint alleges that the State of Tennessee is responsible for the administration of all secure juvenile justice facilities in Tennessee and that Governor Bredesen and Commission Miller are responsible for the Blount County Juvenile Detention Center [*Id.*, ¶¶ 6, 8]. The complaint also alleges that DCS establishes the policies and operation rules for juvenile detention institutions [*Id.* ¶ 7], that Sheriff Berrong, Captain Gourley, and Lieutenant Adams are responsible for operating the Blount County Juvenile Detention Center, and that Blount County Juvenile Detention Center is part of the BSCO [*Id.*, ¶¶ 9-11]. Plaintiffs also allege that all defendants are obligated to operate the Blount County Juvenile Detention Center in a manner that does not infringe upon rights protected by the Fourteenth Amendment and federal law and that, at all relevant times, all defendants acted or failed to act under color of state law [*Id.*, ¶¶ 14-15].

According to the complaint, while C.P. was confined at the Blount County Juvenile Detention Center, the Tennessee and Blount County defendants violated C.P.'s rights under the Fourteenth Amendment by engaging in a pattern or practice of failing to protect him from abuse by staff and other youths [Doc. 2, ¶¶ 16, 19]. Plaintiffs also allege that the Tennessee and Blount County defendants failed to provide C.P. adequate mental health care and other

psychological services and deprived C.P. of unspecified constitutional rights [*Id.*, ¶¶ 17, 20, 21]. In the prayer for relief, plaintiffs request a declaration that defendants' violated C.P.'s constitutional and legal rights and an order permanently enjoining defendants from failing to protect C.P. from abuse and provide him with adequate mental health care [*Id.*, ¶ 23].

## II. Analysis

As an initial matter, the Court notes that *pro se* pleadings are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Williams v. Bowman*, 981 F.2d 901, 903 (6th Cir. 1992) (recognizing the general rule that the pleadings of *pro se* plaintiffs should be construed more liberally than pleadings drafted by lawyers). Thus, the Court views plaintiffs' *pro se* complaint pursuant to this less stringent standard. To this end, the Court has considered plaintiffs' initial complaint [Doc. 2] and, because plaintiffs' proposed amended complaint attempts to correct deficiencies in plaintiffs' initial complaint, the Court has also considered that pleading as well [Doc. 18-1].

Both the Tennessee and Blount County defendants move the Court to dismiss plaintiffs' complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Both sets of defendants argue that the complaint should be dismissed because plaintiff Marilyn Powell may not act *pro se* as C.P.'s attorney and plaintiff Marilyn Powell lacks standing to seek relief on her own behalf for any alleged violation of C.P.'s civil rights.[1] Both sets of defendants also assert that the complaint should be dismissed for lack

---

[1] The amendment to motion to dismiss [Doc. 17], filed by the Blount County defendants, manifests the intent of the Blount County defendants to adopt the motion to dismiss complaint and

of subject matter jurisdiction and because plaintiffs lack standing to assert a private right of action under 42 U.S.C. § 14141. Finally, both sets of defendants assert that the complaint states no factual basis that support any of plaintiffs' claims and therefore, the complaint should be dismissed for failure to state claims for which relief may be granted.

### A. Standards of Review

Under the Federal Rules of Civil Procedure, a complaint may be dismissed pursuant to Rule 12(b)(1) for lack of jurisdiction and dismissed pursuant to Rule 12(b)(6) for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(1), (6). Under Rule 12(b)(1), a motion to dismiss based on lack of subject matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). In this case, both sets of defendants have asserted a facial attack on plaintiffs' assertion of subject matter jurisdiction. *See RMI Titanium Co. v. Westinghouse Elec. Corp. ("RMI")*, 78 F.3d 1125, 1134-35 (6th Cir. 1996). If a Rule 12(b)(1) motion is predicated on a facial attack, "a district court takes the allegations in the complaint as true, which is a similar safeguard employed under [Federal Rule of Civil Procedure] 12(b)(6) motions to dismiss." *Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 330 (6th Cir. 2007) (citation omitted). If the plaintiff's allegations establish federal claims, jurisdiction exists. *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330.

---

supporting brief filed by the Tennessee defendants as it relates to plaintiff Marilyn Powell's attempt to act as C.P.'s *pro se* attorney [Doc. 17].

In determining whether to grant a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations must be taken as true and construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Further, while a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his or her entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a case of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937 (2009) (reaffirming that the *Twombly* standard for determining the sufficiency of a pleading applies to civil actions and is not limited to antitrust claims). Thus, the factual allegations supplied by a plaintiff must be enough to show a plausible right to relief. *See Twombly*, 550 U.S. at 555-61; *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629-30 (6th Cir. 2009) (stating that the standard for a motion to dismiss is to "screen out cases that, while not utterly impossible, are 'implausible'").

Further, while amendments to pleadings are provided for in Rule 15(a) of the Federal Rules of Civil Procedure, there is no obligation to allow an amendment that would be futile. *See Courie*, 577 F.3d at 633; Fed. R. Civ. P. 15(a). Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss.

5

*Miller v. Calhoun County*, 408 F.3d 803, 807 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)). A complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Iqbal*, 129 S.Ct. at 1949; *see also Twombly*, 550 U.S. at 554-55.

### B. Acting as C.P.'s Attorney

Notwithstanding the less stringent standard under which this Court views *pro se* pleadings, plaintiffs have failed to comply with one of the basic rules of admission to practice law in this federal court. Local Rule 83.5 provides that:

> It shall be required to practice generally in this Court that an applicant be currently admitted to practice in the highest court of a state, territory, or the District of Columbia, and that the applicant appear to be of good moral and professional character.

E.D. TN L.R. 83.5(a)(1). This is not a rule that pertains to whether a plaintiff may proceed *pro se*, without a license, and represent himself or herself in matters before the Court. Rather, it is a rule that requires that individuals who purport to represent the interests of others, not themselves, be licensed to practice law.

Further, it has previously been recognized that a parent "has no standing to sue for deprivation of civil rights of [her] children." *Tyree v. Smith*, 289 F. Supp. 174, 175 (D.C. Tenn. 1968). Nor, for that matter, may a child's parent appear *pro se* to act as an attorney on behalf of his or her minor child. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *see also Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990).

6

In this case, plaintiff Marilyn Powell has filed the complaint *pro se*, acting as C.P.'s attorney and asserting violations of C.P.'s civil rights. Thus, to the extent the complaint contains claims regarding plaintiff Marilyn Powell's representation of the civil rights of her *son*, C.P., and not of *herself*, these claims are hereby dismissed.

    **C.     Lack of Subject Matter Jurisdiction**

In the initial complaint, plaintiffs assert that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1345 and 42 U.S.C. § 14141 [*see* Doc. 2]. In the motions to dismiss, defendants assert that plaintiffs lack standing to bring claims under 42 U.S.C. § 14141 and 28 U.S.C. § 1345, and therefore the complaint should be dismissed.

The Court agrees that plaintiffs lack standing to bring a claim under 42 U.S.C. § 14141 and 28 U.S.C. § 1345. Subsection (b) of § 14141 authorizes its enforcement by the United States through a civil action by the Attorney General. *See* 42 U.S.C. § 14141(b). Section 14141 does not recognize a private right of action. The southern district of Texas dismissed such a claim by *pro se* plaintiffs, holding that "[ § 14141] explicitly limits the right to bring a cause of action to the Attorney General[,]" and thus, § 14141 does not provide for a private cause of action. *Huerta v. Garcia*, No. B-07-39, 2007 WL 3120128, at *4 (S.D. Tex. Oct. 23, 2007). Accordingly, to the extent plaintiffs have attempted to state a claim under § 14141, the Court finds that plaintiffs lack standing. A similar rationale holds true for 28 U.S.C. § 1345. Section 1345 only relates to actions filed by the United States as a plaintiff. *See* 28 U.S.C. § 1345 (stating that "the district courts shall have original

jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer . . . ").

This, however, does not end the Court's inquiry in regard to subject matter jurisdiction. Plaintiffs have also asserted that subject jurisdiction is proper under 28 U.S.C. § 1331 for alleged violations of C.P.'s civil rights under the Fourteenth Amendment. In addition, in the proposed amended complaint attached to plaintiffs' motion to amend, plaintiffs assert only that the jurisdiction of this Court is pursuant to § 1331. Section 1331 confers subject matter jurisdiction for federal courts over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In this case, plaintiffs have alleged causes of action for violations of C.P.'s rights under the Fourteenth Amendment and other unspecified constitutional violations. However, even assuming, *in arguendo*, that plaintiffs' amended complaint properly pleads subject matter jurisdiction for plaintiffs' claims, the Court finds, as discussed below, that plaintiffs have failed to state claims for which relief may be granted.

### D.     Failure to State Claims for Which Relief May be Granted

As stated above, plaintiffs have attempted to allege causes of action for defendants alleged deprivation of C.P.'s rights under the Fourteenth Amendment and other, unspecified, federal and constitutional rights. However, plaintiffs have alleged no concrete factual assertions to support such claims. Rather, both the initial complaint and the proposed amended complaint contain only vague, conclusory statements that the Tennessee and Blount County defendants failed to protect C.P. from abuse and failed to provide him with adequate

health care. Further, plaintiffs have pointed to no specific act or acts by any of the defendants and no specific act or failure to act by any one individual defendant.

Claims for violations of the Fourteenth Amendment and other civil rights are typically brought pursuant to 42 U.S.C. § 1983.[2] Section 1983 creates a remedy for those denied "rights, privileges, or immunities secured by the Constitution and laws."[3] 42 U.S.C. § 1983. Section 1983 alone, however, does not create substantive rights. Rather,

> [Section] 1983 merely provides a mechanism for enforcing individual rights "secured" elsewhere, *i.e.*, rights independently "secured by the Constitution and laws" of the United States. "[O]ne cannot go into court and claim a 'violation of § 1983'–for § 1983 by itself does not protect against anything.

*Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (quoting *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979)); *Johnson v. City of Detroit*, 446 F.3d 614, 618 (6th Cir. 2006). In order to state a claim under § 1983, a plaintiff needs to demonstrate: (1) a deprivation of a right secured by the Constitution or laws of the United States; (2) caused by a person acting under color of state law; and (3) occurring without due process of law. *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994). Finally, because § 1983 is not itself a source of substantive rights, but only a method for vindicating federal rights conferred elsewhere, a plaintiff must set forth specific constitutional grounds for asserting

---

[2] Plaintiffs have not asserted a violation of civil rights based on 42 U.S.C. § 1983. However, in light of plaintiffs' allegation that defendants acted "under color of law" and plaintiffs' various assertions of civil rights violations, and in light of the lenient standard given to *pro se* plaintiffs, the Court will analyze plaintiffs claims as if § 1983 had been properly plead.

[3] Plaintiffs have incorporated this language into their complaint [*see* Doc. 18-1, ¶ 17].

a § 1983 claim. *Adair v. Charter County of Wayne*, 452 F.3d 482, 492 (6th Cir. 2006); *see also Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

Even viewed in a light most favorable to plaintiffs as *pro se* litigants, this Court cannot conclude that plaintiffs have stated a claim based on any deprivation of rights secured by the Fourteenth Amendment. Plaintiffs have only alleged a formulaic recitation of the elements of a civil rights action and have not identified any facts as to the substance of the alleged civil rights violations. Plaintiffs have made vague allegations of "irreparable harm" but have not described these allegations with any specific facts. Moreover, while plaintiffs have stated that the alleged deprivation of rights occurred "under color of state law," plaintiffs have provided no facts to support this claim. As such, plaintiffs' vague factual allegations, when combined with plaintiffs' assertions of causes of action in violation of unspecified rights and the Fourteenth Amendment, do not provide any sort of notice or indication to defendants, or to the Court, as to the facts surrounding the alleged deprivation of C.P.'s civil rights. Accordingly, in addition to the other deficiencies in plaintiffs' complaint as described herein, the Court cannot conclude that plaintiffs have stated claims for which relief may be granted.

### III. Conclusion

For the reasons given, the Motion to Dismiss Complaint [Doc. 5] filed by the Tennessee defendants shall be **GRANTED,** the Motion to Dismiss [Doc. 7] filed by the Blount County defendants shall be **GRANTED**, and the Amendment to Motion to Dismiss [Doc. 17], also filed by the Blount County defendants, shall be **GRANTED**. Further, as the

Court has identified no amendment in plaintiffs' proposed amended complaint that remedies the deficiencies in plaintiffs' initial complaint, plaintiffs' Motion to Amend [Doc. 18] shall be **DENIED**. Accordingly, this case will be **DISMISSED** and the Clerk of Court will be **DIRECTED** to close this case. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE
